HOBSON, Chief Judge.
Appellants-plaintiffs appeal a final judgment entered below which dismissed the appellants’ second amended complaint with prejudice.
*212 The trial judge based the dismissal upon the ground that the appellants failed “to allege sufficient facts to show that the defendant received notice of the accident as required by Section 95.241, Florida Statutes, 1967, F.S.A., and Section 409 of the Compiled Charter of the City of Tampa.” The trial court further held that the appellants failed “to allege sufficient facts to show that the defendant has waived or is estopped to rely upon the notice provision as set forth in said Section 95.241, Florida Statutes, 1967 [F.S.A.].” The trial court relied on the case of Rabinowitz v. Town of Bay Harbor Island, Fla.1965, 178 So.2d 9.
The appellee filed its motion to dismiss the appellants’ second amended complaint on two grounds, one being the failure to give notice as required by law; the other being that the appellants failed to allege sufficient facts to create any causal relationship between the appellant Susan K. Mathews’ alleged injuries and the alleged failure of the appellee to re-install a stop sign.
Even assuming the appellants complied with all provisions of the laws pertaining to notice to the appellee, the final judgment must be affirmed on the other ground set forth in appellee’s motion to dismiss. The rule is well established that a correct decision can be supported on grounds other than those assigned by the lower court. Matthews v. Matthews, Fla. App.1965, 177 So.2d 497; 2 Fla.Jur., Appeals, § 297.
In the case of City of Tampa v. Davis, 226 So.2d 450, filed September 17, 1969 in this court and not yet reported, this court held that the city could not be held liable to Davis under the identical facts alleged in appellants’ complaint and, in fact, involving the identical accident as is the basis of the appellants’ claim in the case sub judice.
In view of our holding in City of Tampa v. Davis, supra, and assuming that appellants complied with all laws pertaining to notice to the appellee, we hold that the appellants’ second amended complaint does not state a cause of action against the ap-pellee and, therefore, we
Affirm.
LILES and MANN, JJ., concur.