JASPER DeLEO ET AL. *v.* BARBARA ORLANDO ET AL.

SUPERIOR COURT　　FAIRFIELD COUNTY　　FILE No. 14442
AT STAMFORD

Memorandum filed January 20, 1971

*Weinstein & Weinstein,* of Norwalk, for the plaintiffs.

*Zeisler & Zeisler,* of Bridgeport, for the plaintiffs on the counterclaim only.

*Buckley & Jamieson,* of Stamford, for the named defendant.

*Terrence J. Murphy, Jr.,* special counsel, for the defendant city of Norwalk.

ZARRILLI, J. This is an action in which the plaintiff seeks to recover money damages for personal injuries arising out of an automobile collision al-

legedly caused by a malfunctioning traffic light. The defendant city of Norwalk, by way of a demurrer, attacks the legal sufficiency of the third and fourth counts of the complaint on the ground that they are based on the defective highway statute, General Statutes § 13a-149, and that under the provisions of this statute the failure to maintain traffic controls does not impose a statutory liability on the municipality. The court does not agree.

An exhaustive search of the Connecticut Reports, both by counsel and the court, indicates that this specific issue has not been decided by the Supreme Court. Nor has any Superior Court decision been cited or found. The authorities are sharply divided on the question at hand. See 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.42, p. 234.

Section 13a-149 of the General Statutes imposes liability on the town for injuries or damage caused "by means of a defective road." As stated in the early case of *Hewison* v. *New Haven,* 34 Conn. 136, 142, "[t]o define in general terms the precise limits of the duty of towns in these cases is not an easy matter, as each case must depend very much upon its own peculiar circumstances. The following however may be an approximation to it. Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway. For example, branches of a tree hanging over the road bed near the ground, necessarily obstruct the use of the way, and should be removed by the town . . . ." The quoted definition of what constitutes a defect in a highway has been recognized and accepted down through the years in many Supreme Court decisions, the latest of which appears to be *Hickey* v. *Newtown,* 150 Conn. 514, 518.

See also cases such as *Chazen* v. *New Britain,* 148 Conn. 349, 352, and *Older* v. *Old Lyme,* 124 Conn. 283, 284. As stated in *Hickey* v. *Newtown, supra,* "[t]he statute allows a recovery where the highway is not reasonably safe 'in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public.'" See *Horton* v. *MacDonald,* 105 Conn. 356, 361.

Since the definition uses the words "obstruct" and "hinder," it may be well at this point to define them. The word "obstruct," according to Webster's Third New International Dictionary, means "to block up . . . or close up: place an obstacle or fill with obstacles or impediments to passing." The word "hinder" means obstruct or impede.

If we apply the above rules and definitions to the situation at hand, it becomes quite apparent that in the course of events leading up to the injury the particular roadway became defective when the traffic light began to malfunction. Certainly the defective traffic light then became an obstacle or an impediment to the right of the general public freely and safely to pass over the roadway in question just as much as did the overhanging branches of the tree described by way of obiter dictum in *Hewison* v. *New Haven, supra,* or a silent policeman after it had toppled over and while it lay displaced on the highway. See *Aaronson* v. *New Haven,* 94 Conn. 690, 693. Can it be said that the malfunctioning traffic light did not make it more difficult for vehicular traffic to pass over the road where the collision occurred, or that the highway was reasonably safe in view of its proper use? The answer is obviously in the negative. From its very nature and position as a malfunctioning traffic light, it would be likely to produce the result of hindering and obstructing the public in the use of the roadway for the purpose

intended. An accident such as that which occurred in the case at bar could have been naturally expected to arise as an incident to the use of the roadway, controlled by a malfunctioning traffic light. Under the rule set forth in *Hickey* v. *Newtown,* supra, the highway was not reasonably safe, thus making the malfunctioning traffic light a defect within the scope of § 13a-149 of the General Statutes.

The demurrer is overruled.