DOWNEY, Judge.
This is an appeal from a summary judgment for the appellees City of Ft. Pierce and its insurance carrier, Aetna Life and Casualty Company, in an action for negligence arising out of the maintenance and operation of an automatic traffic signal in the City of Ft. Pierce.
The complaint alleged that appellants were involved in an automobile accident at an intersection in said city; that appellants entered the intersection on a green light and collided with another motorist who entered the intersection from an intersecting street; that said other motorist either had no lights showing on the traffic signal or he too had a green light; that the malfunctioning of said traffic control device was a result of the negligence of the ap-pellees and as a result thereof appellants were severely injured. The complaint also charged that the city was under a statutory duty to furnish, operate, and maintain said traffic device. The trial court granted ap-pellees’ motion and entered final summary judgment for appellees.
There is adequate precedential authority for the action taken by the trial judge. City of Tampa v. Davis, Fla.App.1969, 226 So.2d 450, relying on Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70, held that a city would be liable for an injury allegedly arising from negligent performance of the governmental function of traffic control only if there was some direct transaction between some city officer and the plaintiff. See too Mathews v. City of Tampa, Fla.App.1969, 227 So.2d 211. In the present case appellants’ com plaint did not allege that there was any such direct transaction. Hence the summary final judgment for appellees was proper.
Appellants rely heavily upon Shealor v. Ruud, Fla.App.1969, 221 So.2d 765. We would distinguish that decision as holding that the city undertook to perform a duty which could have (or perhaps should have) been performed by the railroad company and thus in that situation the city was acting in its proprietary capacity. Thus, liability for negligence could and did attach.
Accordingly, since in the present case no liability could arise for the exercise of this governmental function in the factual situation alleged in the complaint, there was no genuine issue of fact, and summary judgment was appropriate.
Affirmed.
CROSS and MAGER, JJ., concur.