342 So.2d 1047 (1977)
COMMERCIAL CARRIER CORPORATION and Merchants Mutual Insurance Company, Appellants,
v.
INDIAN RIVER COUNTY and State of Florida Department of Transportation, Appellees.
No. 76-326.
District Court of Appeal of Florida, Third District.
February 22, 1977.
Rehearing Denied March 23, 1977.
*1048 Gerald M. Walsh & Associates, Fort Lauderdale, and Richard D. Heller, Miami, for appellants.
Larry K. White, Tallahassee, Stephens & Schwartz, Richard M. Gale, Miami, Winifred Sheridan Smallwood, Tallahassee, for appellees.
Before PEARSON and BARKDULL, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The appellant Commercial Carrier Corporation and its liability insurer Merchants Mutual Insurance Company were defendants in the trial court to an action for personal injury resulting from the collision between a vehicle operated by Commercial Carrier Corporation and the plaintiff's. The collision occurred at an unmarked intersection at which there had previously been a stop sign governing the road upon which the Commercial Carrier vehicle was operating. Commercial Carrier and its liability insurer brought a third party complaint naming as defendants Indian River County, a political subdivision of the State of Florida, and the State of Florida, Department of Transportation, alleging as negligence the failure of Indian River County to maintain a stop sign at the intersection, and the failure of the Department of Transportation to paint or place onto the pavement the word "stop" just prior to the entrance to the intersection. Upon the motions of the third party defendants, the third party claim was dismissed. This appeal is from that order. We affirm.
The appellant argues three points. The first concerns the propriety of venue in the Circuit Court of Dade County. This point was not ruled upon by the trial court inasmuch as it dismissed the third party complaint with prejudice. In view of our affirmance of the trial court's decision, we need not deal with the venue issue.
Appellant's second point urges that the effect of Section 768.28, Florida Statutes (1975) is a total waiver of sovereign immunity by the State, its agencies and subdivisions in tort actions and that, therefore, the order of dismissal could not properly be grounded upon sovereign immunity. We find it unnecessary to discuss this issue inasmuch as we hold that the facts stated in the complaint did not show negligence on the part of either Indian River County or the Department of Transportation.
Appellant's third point urges that Indian River County and the Department of Transportation are liable for contribution or for indemnity pursuant to Section 768.31, Florida Statutes (1975). Here again, we need not discuss that issue because the proper ground for the dismissal of the third party complaint was that it failed to state a cause of action.[1] The allegations of the third party complaint concerning the liability of Indian River County are as follows:
"3. That on February 7, 1975 at the intersection alleged INDIAN RIVER COUNTY had the duty to maintain a stop sign controlling the traffic upon which the tractor trailer operated by COMMERCIAL CARRIER CORPORATION was proceeding. The road for *1049 which the sign is to govern traffic is North Winter Beach Road westbound traffic. That before and at the time of the accident alleged by Plaintiff occurred, the said stop sign was absent or taken down, but in any case not present to govern the westbound traffic on North Winter Beach Road and its intersection with State Road S505 A, and that the said stop sign had been down for sufficient length of time for the employees and/or agents of the County known as INDIAN RIVER COUNTY to have had reasonable notice of the absence of the sign and sufficient time to reerect another stop sign or create adequate warnings in order that westbound traffic on North Winter Beach Road would be advised that they would be entering a very hazardous and dangerous intersection without the protection of traffic control devices. INDIAN RIVER COUNTY failed to maintain the safety traffic control signs for the operation of motor vehicles on North Winter Beach Road westbound at its intersection with State Road S505 A in INDIAN RIVER COUNTY, Florida."
The allegation concerning the negligence of the Department of Transportation is as follows:
"4. That the STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION on February 7, 1975 and for some time before the same owed a duty to the public operating motor vehicles westbound on North Winter Beach Road with its intersection with State Road S505 A to paint or place into the pavement the word "STOP" just prior to the entrance of the intersection westbound on North Winter Beach Road. That the STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION failed to imprint, write in or in some way place the word "STOP" on the surface of North Winter Beach Road westbound at its intersection with State Road S505 A."
The cases hold that it is not actionable negligence against an individual that a governmental authority has failed to maintain a traffic control device at a given time and place. See Gordon v. City of West Palm Beach, 321 So.2d 78 (Fla. 4th DCA 1975); and City of Tampa v. Davis, 226 So.2d 450 (Fla.2d DCA 1969). See also Holton v. City of Bartow, 68 So.2d 385 (Fla. 1953); Raven v. Coates, 125 So.2d 770 (Fla.3d DCA 1961); and Mathews v. City of Tampa, 227 So.2d 211 (Fla.2d DCA 1969).
Affirmed.
NOTES
[1] The order appealed from does not set forth the grounds upon which it was granted. However, the motions contain the ground of failure to state a cause of action.