353 So.2d 623 (1977)
William Walden CHENEY and Travelers Insurance Company, Appellants,
v.
DADE COUNTY, Appellee.
No. 76-1655.
District Court of Appeal of Florida, Third District.
December 20, 1977.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PEARSON, Judge.
The controlling question presented by this appeal is whether an individual may recover from a County for the County's negligent failure properly to maintain a traffic control device at a street intersection. The question requires the application of Section 768.28, Florida Statutes (1975), to the facts of this case. Section 768.28 is, in pertinent portion, as follows:
"768.28 Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitation; exclusions. 
"(1) In accordance with section 13, Art. X, state constitution, the state, for itself and for its agencies or subdivisions, hereby *624 waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
"(2) As used in this act, `state agencies or subdivisions' include the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.
* * * * * *
"(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000.00, or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state arising out of the same incident or occurrence, exceeds the sum of $100,000.00. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000.00 or $100,000.00, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the legislature, but may be paid in part or in whole only by further act of the legislature."
The question arose in the following manner. An action was brought by Julia Ramy against the appellant for damages allegedly resulting from an intersection collision which occurred on March 14, 1975. Appellant filed a third party complaint against the appellee alleging that the County had negligently maintained a traffic light at the intersection in question, and that this negligence was the sole cause of the accident. Appellant, alleging it was only passively negligent, then sought indemnity from the appellee.
Appellee moved to dismiss the complaint on the following grounds:
1. The doctrine of sovereign immunity precludes recovery against the County under the facts alleged.
2. Appellant failed to allege legal knowledge of the malfunctioning traffic light.
3. Appellant failed to allege how sovereign immunity had been waived.
4. Appellant failed to allege that statutory notice had been perfected.
Upon that motion, the trial court dismissed the third party complaint with prejudice.
Appellant concedes that the complaint was deficient in certain respects. Appellant should properly have alleged that the statutory notice provisions had been complied with. There should also have been an allegation that the County knew or should have known of the malfunction in sufficient time to correct it and failed to do so. Moreover, presumably, there should have been allegations of the method and means by which appellee had waived sovereign immunity. Appellant urges only that it was error to dismiss the cross-complaint with prejudice because the complaint had no inherent defect that was not amendable.
Prior to the effective date of the statute quoted,[1] the courts of this state in determining the liability of the State or a political *625 subdivision thereof have followed the rule that in order for there to be a duty upon the political subdivision, the facts must be such that the duty alleged is something more than the duty owed to the public generally. In Modlin v. City of Miami Beach, 201 So.2d 70, 74 (Fla. 1967), the Supreme Court of Florida laid down the rule as follows:
* * * * * *
"The Hargrove[2] holding was to the effect that henceforth municipal corporations would be liable for the torts of their officers and employees on the principle of respondeat superior. Since it does not appear that the respondent city is being charged with any negligence other than that of the building inspector, it follows that we must now inquire whether the inspector would have been liable in tort in the circumstances of this case."
* * * * * *
"It is a well recognized principle of tort law that a fundamental element of actionable negligence is the existence of a duty owed by the person charged with negligence to the person injured. 23 Fla. Jur., `Negligence,' Sec. 10. However, there is also a doctrine of respectable lineage and compelling logic that holds that this duty must be something more than the duty that a public officer owes to the public generally."
* * * * * *
"We believe there are also strong arguments on grounds of public policy for adhering to the rule under discussion. After all, only public officers are typically placed in the position of owing duty of care to the public generally. Moreover, we do not perceive that the rule applied here would have disturbed any of the subsequent cases holding municipalities liable under the rule of the Hargrove decision. We do not have any difficulty in placing a duty of care on a municipality that undertakes the manual operation of a railroad crossing signal toward a motorist attempting to negotiate that crossing, Hewitt v. Venable, Fla.App. 1959, 109 So.2d 185, or in placing on police officers a duty not to deprive those with whom they come in contact of their constitutional rights of privacy, integrity of person, and so forth, Thompson v. City of Jacksonville, Fla.App. 1961, 130 So.2d 105; Simpson v. City of Miami, Fla.App. 1963, 155 So.2d 829, cert. discharged, 172 So.2d 435; Fisher v. City of Miami, Fla.App. 1964, 160 So.2d 57; City of Hialeah v. Hutchins, Fla.App. 1964, 166 So.2d 607; Shipp v. City of Miami, Fla.App. 1963, 172 So.2d 618; Evanoff v. City of St. Petersburg, Fla.App. 1966, 186 So.2d 68."
The appellate courts have followed this rationale in holding that a governmental authority is not liable to an individual for the maintenance of traffic control devices. See City of Tampa v. Davis, 226 So.2d 450 (Fla. 2d DCA 1969); Mathews v. City of Tampa, 227 So.2d 211 (Fla. 2d DCA 1969); Clifton v. City of Ft. Pierce, 319 So.2d 195 (Fla. 4th DCA 1975); and Gordon v. City of West Palm Beach, 321 So.2d 78 (Fla. 4th DCA 1975).
Appellant's argument is that this rationale is no longer valid because of the enactment of Section 768.28, Florida Statutes (1975), quoted in part above. This court rejected that argument in Commercial Carrier Corp. v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977),[3] but without full discussion.
The main thrust of appellant's argument is that the courts of Florida, in applying this State's waiver of immunity statute, should follow the interpretation[4] that the federal courts have given to the Federal *626 Tort Claims Act, 28 U.S.C. § 2674. It is urged that inasmuch as the federal courts have held that the Federal Tort Claims Act substantially does away with the traditional concepts of sovereign immunity and the Florida statute is, in some parts, phrased in the same terms as the Federal Act, therefore, we should adopt the federal decisions as governing.
We do not follow this reasoning because the Federal Act is quite different in form, purpose and application to factual situations from the language and purpose of Section 768.28, Florida Statutes (1975). We recognize the rule that when a state adopts a legislative act of a sister state, it will ordinarily be held to have adopted the judicial interpretation of that act made by the sister state prior to the second state's adoption. See 73 Am.Jur.2d Statutes §§ 333, 334 (1974); and Gray v. Standard Dredging Co., 109 Fla. 87, 111 Fla. 149, 149 So. 733 (1933). An examination of the Federal Tort Claims Act shows that it contains numerous exceptions not a part of Section 768.28, Florida Statutes (1975). The fields of operation of the two acts are substantially different in that the sphere of activity of the federal government is essentially different from that of the government of the State of Florida. There is, of course, a tremendous overlapping of powers exercised but the fields of operation are substantially different. We think that it is proper for this court to apply and follow the precedents of this state.
The Supreme Court of Florida has held that statutes purporting to waive sovereign immunity are to be strictly construed and that such waiver should not be implied. See Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958). See also Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Seaside Properties, Inc. v. State Road Department, 121 So.2d 204 (Fla. 3d DCA 1960); and Department of Natural Resources v. Circuit Court of Twelfth Judicial Circuit, 317 So.2d 772 (Fla. 2d DCA 1975).
We adhere, therefore, to the holding in Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967); and we further hold that the Florida statute with regard to Waiver of Sovereign Immunity in Tort Actions, Section 768.28, Florida Statutes (1975), does not create a liability in the State where the act complained of does not give rise to liability in the agent committing the act, because the duty claimed to be violated is a duty owed to the citizens of the state in general and is not a duty owed to a particular person or persons. The dismissal with prejudice is affirmed.
Affirmed.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the trial court's order herein dismissing with prejudice the third party indemnity action against Dade County and remand the cause with directions to dismiss the action without prejudice to the third party plaintiff to amend his complaint.

I
The first issue presented for review is whether the third party indemnity action against Dade County herein is barred by the doctrine of sovereign immunity. This was the major thrust of Dade County's motion to dismiss the said complaint, which motion the trial court granted with prejudice.
In my view, the doctrine of sovereign immunity does not bar the instant action because the county's tort immunity, save for certain exclusions and limitations not relevant here[1], has been specifically waived by statute for all tort incidents occurring after January 1, 1975. Circuit Court of Twelfth Circuit v. Department of Natural Resources, 339 So.2d 1113, 1116 (Fla. 1976). Section 768.28, Florida Statutes (1975), specifically provides as follows:
"(1) In accordance with section 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability *627 for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
"(2) As used in this act, `state agencies or subdivisions' include the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. * *
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment." [Emphasis added]
Section 768.28, Florida Statutes (1975) provides as follows:
"Section 768.28 shall take effect on July 1, 1974, for the executive departments of the state and on January 1, 1975, for all other agencies and subdivisions of the state, and shall apply only to incidents occurring on or after those dates."
Prior to the enactment of the above statutes, counties as subdivisions of the state generally enjoyed the state's sovereign immunity as to tort liability. Kaulakis v. Boyd, 138 So.2d 505 (Fla. 1962); Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916). The accident in this case allegedly occurred after January 1, 1975, and, accordingly, Dade County may no longer rely on the defense of sovereign immunity as to the indemnity action filed herein.
Dade County invites us to interpret the above statute to mean that the county's sovereign immunity has been waived solely as to torts committed in the performance of its proprietary functions, but not its governmental functions such as the maintenance of a traffic control signal. I would decline the invitation. The statute under review contains no such limiting language; it clearly waives governmental tort immunity for the state, counties and municipal corporations of Florida without reference to whether the sovereign function involved in which the tort arises is governmental or proprietary. The courts are not authorized to amend or alter a statute in order to achieve a result thought desirable. That is the sole prerogative of the legislature. Fine v. Moran, 74 Fla. 417, 429-30, 77 So. 533, 536 (1917); State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977).
The same argument to introduce the same governmental-proprietary function doctrine in interpreting similar statutory language in the Federal Tort Claims Act[2] has been rejected by the United States Supreme Court. Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955). See also Rayonier, Inc. v. United States, 352 U.S. 315, 318-19, 77 S.Ct. 374, 1 *628 L.Ed.2d 354 (1957). I see no reason for departing from this eminently sound precedent in order to resurrect a doctrine which the Supreme Court of Florida has condemned as being "anachronistic not only to our system of justice but to our traditional concepts of democratic government." Hargrove v. Town of Cocoa Beach, 96 So.2d 130, 132 (Fla. 1957). It can only burden and confuse what appears to be a clear legislative mandate to put governmental tort liability on a substantially equal footing with private tort liability free from the judicial quagmires of the past.

II
The second issue presented by this case is whether any actionable negligence can be alleged against Dade County in a third party indemnity action based on the county's negligent failure to properly maintain a traffic control signal at a street intersection, which negligence proximately causes injuries to a person using the streets. If such negligence is actionable, the third party plaintiff's complaint should not have been dismissed with prejudice by the trial court.
It is self-evident that to substantially abolish the defense of sovereign immunity in a tort action against the county is not to expose the county to automatic tort liability in all such suits. Section 768.28(1), Florida Statutes (1975), merely renders the county liable in tort for damages caused by the act or omission of one of its employees while acting within the scope of his office or employment "under circumstances in which (the county), if a private person, would be liable to the claimant in accordance with the general laws of this state... ." This clearly means that the plaintiff must still plead and prove a recognized cause of action against the county under the state's established principles of tort law in order to recover, just as if the county were a private person. Absent such pleading or proof, the county like a private person is entitled to a judgment in its favor.
In the instant case, we deal with Dade County's alleged negligence in maintaining one of its traffic control signals at a street intersection which, it is charged, proximately caused the plaintiff's injuries to the exclusion of the third party plaintiff's alleged passive negligence. Indemnity against Dade County is therefore sought by the third party plaintiff. This is a recognized indemnity action against a third party defendant for active negligence, which negligence, if committed by a private party under like circumstances, would state a cause of action. Seaboard Air Line Railroad Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963).
To sustain any cause of action predicated on negligence as here, the plaintiff must plead and prove the following three elements: (1) the existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains; (2) the failure of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. When these elements are brought together, they constitute actionable negligence. Absence of or failure to prove any of them, is fatal to recovery. Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976); Smiley v. Court, 243 So.2d 643 (Fla. 4th DCA 1971).
No question is raised in this case as to the existence of the second and third elements of actionable negligence. The controversy has centered around the duty, if any, owed by Dade County to a person using the streets to properly maintain its traffic control devices at street intersections. The majority herein concludes that the duty claimed to be violated in this case is a duty owed to the citizens of the state in general and is not a duty owed to a particular person or persons. With this conclusion, I must respectfully disagree.
Sound policy reasons exist for recognizing that the county has a duty to persons using the streets to properly maintain the county's traffic control signals at street intersections. Such devices control the flow of busy automobile and pedestrian traffic *629 which in turn protect people's life and limb. Improper maintenance of such devices by the appropriate governmental authority can lead to very serious accidents causing untold injuries, suffering and even death. Motorists and pedestrians alike quite rightly rely on such authorities, in this case Dade County, to properly maintain these devices for their own safety. Teall v. City of Cudahy, 60 Cal.2d 431, 34 Cal. Rptr. 869, 386 P.2d 493 (1963); Johnston v. City of East Moline, 405 Ill. 460, 91 N.E.2d 401 (1950).
It is long been the established law of this state that a municipality has a duty to persons using its streets to keep those streets in a reasonably safe condition and to warn persons using the streets of known dangerous conditions. Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808 (1934); Trumpe v. City of Coral Springs, 326 So.2d 192 (Fla. 4th DCA 1976); City of Hialeah v. Revels, 123 So.2d 400 (Fla. 3d DCA 1960). The same policy reasons prompting recognition of such a duty apply with equal force to imposing a similar duty on the county to properly maintain its traffic control signals in the streets. There is no basis in reason or experience for making a distinction between the two duties. The observance of both duties is essential for the protection of any person who uses the streets against serious bodily harm or death. See Nobles v. City of Jacksonville, 265 So.2d 550 (Fla. 1st DCA 1972); DeLeo v. Orlando, 29 Conn. Sup. 107, 273 A.2d 725 (1971).
Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967), does not compel a contrary result. That case did not deal with the issue of governmental liability for the negligent maintenance of a traffic control device and in no sense pronounces a definitive holding on the issue now before this court. It merely holds that a municipal corporation is not liable in tort for the negligence of one of its employees in the absence of a duty of due care owed by the municipality to the plaintiff which is something more than the duty a public officer owes to the public generally. That is no more than re-stating traditional negligence law in a governmental tort liability context.
It is true that a line of District Court of Appeal decisions[3] have misinterpreted Modlin to give in effect municipal corporations sovereign immunity for the negligent maintenance of their traffic control devices unless the negligent municipal employee and the injured party have a direct transaction or confrontation with one another. These cases, however, are inapplicable to the instant case, in view of the subsequent passage of the now effective waiver of sovereign immunity statute which prescribes in completely different terms the current liability of the state, counties, and municipal corporations for the torts of their employees. As such, the cases apply only to municipal corporate liability for pre-1975 torts. Section 768.30, Florida Statutes (1975). To the extent that Commercial Carrier Corp. v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977), reaches a different result, I would recede from that decision.

III
It is true, as the court concludes and the appellant concedes, that the third party plaintiff's complaint herein contains certain technical pleading defects. The trial court, therefore, properly dismissed the complaint herein but erred in dismissing the complaint with prejudice.
Leave to amend the complaint should have been given to the third party plaintiff because there was no inherent bar to alleging actionable negligence in the indemnity action herein against Dade County. Fla.R. Civ.P. 1.190(a) provides for liberal amendments to pleadings, and Florida courts have long followed the policy of allowing such amendments absent some abuse of the privilege, especially as to a first amendment *630 where no responsive pleading has been filed as was true in the instant case.[4]
In my view, the third party complaint herein is not barred by the doctrine of sovereign immunity, is capable of stating a cause of action in tort against Dade County, and is properly subject to amendment to cure its admitted pleading defects. I would, accordingly, reverse the order under review and remand with directions to enter an order of dismissal without prejudice to the third party plaintiff to amend his complaint.
NOTES
[1] Section 768.30, Florida Statutes (1975).
[2] Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957).
[3] Application to the Supreme Court of Florida for conflict certiorari is pending as of the date of this decision.
[4] See Indian Towing Company v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955); Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); Somerset Seafood Co. v. United States, 193 F.2d 631 (4th Cir.1951); and Freeman v. United States, 509 F.2d 626 (6th Cir.1975).
[1] See Sections 768.28(5), (6), (13), Florida Statutes (1975).
[2] The relevant portions of the Federal Tort Claims Act are 28 U.S.C. §§ 1346(b) and 2674:

§ 1346(b). "... the district courts . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." [Emphasis added]
§ 2674. "The United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." [Emphasis added]
[3] Gordon v. City of West Palm Beach, 321 So.2d 78 (Fla. 4th DCA 1975); Clifton v. City of Ft. Pierce, 319 So.2d 195 (Fla. 4th DCA 1975); Schmauss v. Snoll, 245 So.2d 112 (Fla.3d DCA 1971); Mathews v. City of Tampa, 227 So.2d 211 (Fla. 2d DCA 1969); City of Tampa v. Davis, 226 So.2d 450 (Fla. 2d DCA 1969).
[4] Romish v. Albo, 291 So.2d 24 (Fla. 3d DCA 1974); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971); Petterson v. Concrete Construction, Inc., 202 So.2d 191, 197 (Fla. 4th DCA 1967); Hunter v. Fairmount House, Inc., 191 So.2d 92 (Fla. 3d DCA 1966); Richards v. West, 110 So.2d 698 (Fla. 1st DCA 1959); Fouts v. Margules, 98 So.2d 394 (Fla. 3d DCA 1957).