362 So.2d 345 (1978)
Daniel FERRI, As Personal Representative of the Estates of Helen Ferri and Anthony J. Ferri, Sr., Appellant,
v.
CITY OF GAINESVILLE, a Municipal Corporation, Royal Globe Insurance Company, a Foreign Corporation, et al., Appellees.
Nos. II-226 to II-231.
District Court of Appeal of Florida, First District.
August 9, 1978.
Rehearing Denied September 25, 1978.
Thomas W. Davis of Barton & Cox, Gainesville, for appellant.
Joe C. Willcox, John R. McDonough, Orlando, Milton Baxley, II, Gainesville, Stanley Moore and Alan E. DeSerio, Tallahassee, for appellees.
MELVIN, Judge.
Anthony J. Ferri, Sr. and Helen Ferri were killed at a highway intersection when a truck collided with the car in which they were riding. The accident occurred in Alachua County near the City of Gainesville. By agreement the City had assumed responsibility for maintenance of the traffic light at the intersection.
The personal representative of the Ferris' estates filed six suits, and now appeal from the orders that granted motions to dismiss with prejudice as to each defendant. The suit against the City of Gainesville was dismissed for failure of the plaintiff to state a cause of actionable negligence. The suit against Alachua County was dismissed for failing to state a cause of action for actionable negligence and the Department of Transportation was dismissed on the ground that residual sovereign immunity had not, by statute, been waived.
It is not necessary that we deal with the doctrine of sovereign immunity. Each complaint *346 falls for failure to state a claim against the named defendant for actionable negligence.
The traffic intersection where the accident occurred had been controlled by a traffic light that for a number of seconds reflected a red, then a yellow, and then a green light. The traffic light became inoperative and the City of Gainesville undertook to repair the same. During the repair period, a decision was made to set the traffic light to flash a continuous red light in the direction being approached by the victims' automobile, and a flashing yellow light in the direction the truck was approaching. The victims in this accident approached the intersection, and came to a complete stop. Then, for some reason not reflected here, they proceeded into the intersection and in front of the truck.
The traffic signals had obviously served their purpose. They were sufficient to warn and to cause the person driving the Ferri automobile to come to a complete stop. Therefore, it may not be said that either defendant violated a duty to warn the victims of a dangerous intersection. A person does not have the right to require the city, county or the state to maintain any particular type of traffic light at a given time or place. See Commercial Carrier Corp. v. Indian River Cty., 342 So.2d 1047 (Fla. 3d DCA 1977), and Section 316.133, Florida Statutes (1975).
Each final judgment appealed from is AFFIRMED.
BOOTH, J., concurs.
SMITH, Acting C.J., dissents, without opinion.