366 So.2d 518 (1979)
Linda WELSH, As Surviving Spouse of Jeffrey Allan Welsh, Linda Welsh As Personal Representative of the Estate of Jeffrey Allan Welsh, Deceased, and for the Benefit of Kimberly Welsh, a Minor, Appellants,
v.
METROPOLITAN DADE COUNTY, a Metropolitan Subdivision of the State of Florida and George Feller and Lois T. Feller, His Wife, and Robert J. Major and Anne Major, His Wife, Appellees.
No. 78-174.
District Court of Appeal of Florida, Third District.
January 23, 1979.
*519 Horton, Perse & Ginsberg, Francis O'Donnell, Miami, for appellants.
Knight, Peters, Pickle, Niemoeller & Flynn and Stephen A. Stieglitz, Miami, for appellees.
Before BARKDULL and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is a wrongful death action which the trial court dismissed with prejudice in the Circuit Court for the Eleventh Judicial Circuit of Florida. The plaintiff appeals.
The first issue presented for review is whether a negligence action against a county based on the alleged improper maintenance of the county's roads and streets is barred by the doctrine of sovereign immunity. *520 If not, a second issue is presented as to whether such a tort action is subject to dismissal for failure to state a valid cause of action against the county. We hold that as to tort actions arising after January 1, 1975, such a lawsuit states a valid cause of action against a county which is not barred by the doctrine of sovereign immunity. Accordingly, we reverse.
In the instant case, the plaintiff [appellant herein] Linda Welsh brought a wrongful death action arising from the death of her husband against several defendants including the defendant [appellee herein] Dade County, Florida. The plaintiff's third amended complaint alleged that on August 28, 1976, the plaintiff's decedent met his death by drowning when a vehicle in which he was riding crashed through a barricade on a dead-end public street maintained by Dade County, Florida, and went into a nearby canal. It was alleged that the death of the plaintiff's decedent was proximately caused by the negligence of Dade County in maintaining the dead-end street in question. Specifically, the complaint alleged the following as to the nature of Dade County's negligence:
"The defendant, METROPOLITAN DADE COUNTY: failed to properly design and maintain the street, intersection, and dead end in question; failed to keep such street, intersection and dead end in a reasonably safe condition; failed to warn persons using said street and intersection of what it knew or should have known was an extremely dangerous condition; failed to install a barricade with strength enough to stop cars from going through same; failed to obtain and set up proper lighting facilities in the area commensurate with the risk involved; allowed adjoining landowners MAJOR to plant and maintain trees on the county right-of-way in such a manner so as to obstruct the vision of vehicular traffic in the area as to danger and warning signs; allowed and encouraged adjoining landowners FELLER and adjacent landowners MAJOR and others, to pile trash and debris in the roadway in front of the barricade, thereby obstructing the view of traffic approaching the barricade and depriving them of any warning of danger; and in failing to inspect or remove any of the dangers aforesaid, all of which were known to said defendant within a reasonable time, and thereby jeopardizing and endangering persons using the roadway for vehicular traffic."
The case in no way involves the alleged negligent maintenance of a traffic control signal, such as a traffic light or stop sign. Compare: Cheney v. Dade County, 353 So.2d 623 (Fla. 3d DCA 1977); Commercial Carrier Corp. v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977).
The trial court dismissed the above complaint as to Dade County with prejudice. The plaintiff appeals.

I
The first issue presented for review is whether the complaint herein was barred by the doctrine of sovereign immunity. Clearly, it was not.
The county's tort immunity, save for certain exclusions and limitations not relevant here, has been specifically waived by statute for all tort incidents occurring after January 1, 1975. Circuit Court of Twelfth Judicial Circuit v. Dept. of Natural Resources, 339 So.2d 1113, 1116 (Fla. 1976); §§ 768.28(1), (2), (5), (6), (13), 768.30 Fla. Stat. (1977). Prior to the enactment of the above statutes, counties as subdivisions of the state generally enjoyed the state's sovereign immunity as to tort liability. Kaulakis v. Boyd, 138 So.2d 505 (Fla. 1962); Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916). As the accident in the instant case allegedly occurred after January 1, 1975, Dade County may no longer rely on the defense of sovereign immunity as to the tort action herein.

II
The second issue involved in this case is whether the complaint herein states a valid cause of action against Dade County. Clearly, it does.
*521 It is self-evident that to substantially abolish the defense of sovereign immunity in a tort action against the county is not to expose the county to automatic tort liability in all such suits. Section 768.28(1), Florida Statutes (1975), merely renders the county liable in tort for damages caused by the act or omission of one of its employees while acting within the scope of his office or employment "under circumstances in which [the county], if a private person, would be liable to the claimant in accordance with the general laws of this state ..." This clearly means that the plaintiff must still plead and prove a recognized cause of action against the county under the state's established principles of tort law in order to recover. Absent such pleading or proof, the county like a private person, is entitled to a judgment in its favor.
In the instant case, we deal with Dade County's alleged negligence in maintaining its streets at an intersection which, it is charged, proximately caused the death of the plaintiff's decedent. To sustain any cause of action predicated on negligence, as here, the plaintiff must plead and prove the following three elements: (1) the existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains; (2) the failure of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. The absence of or failure to prove any of them, is fatal to recovery. Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976); Smiley v. Court, 243 So.2d 643 (Fla. 4th DCA 1971).
In order to maintain a cause of action sounding in negligence against a government entity, such as a municipality or county, it is essential that the plaintiff plead and prove that the governmental entity breached a special duty of due care which it owed to the plaintiff in particular rather than to the public in general. Although no simple talismanic test exists in determining what constitutes a special duty as opposed to a general duty, the cases appear to turn on certain policy considerations. Among such policy considerations is the public importance of the duty in question when balanced against the probable economic exposure to the governmental entity in question which recognition of a special duty would entail. Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967); Pitts v. Dade County (Fla. 3d DCA 1978) (case No. 77-1091, opinion filed October 17, 1978).
It has long been the established law of this state that a municipality has a duty to a person using its streets to keep those streets in a reasonably safe condition and to warn persons using the streets of known dangerous conditions. Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808 (1934); Trumpe v. City of Coral Springs, 326 So.2d 192 (Fla. 4th DCA 1976); City of Hialeah v. Revels, 123 So.2d 400 (Fla. 3d DCA 1960). We see no reason why this line of cases should not apply to a county as to post-waiver of sovereign immunity cases. Just as a municipality is responsible to a person who uses its streets to properly maintain its streets and to warn such a person of known dangerous conditions, a similar special duty should also be recognized with reference to a county in the maintenance of its streets. There is no valid basis for treating the two differently in this respect. In balancing the policy considerations between the public importance of performing the above-stated duty as against the probable economic exposure to the governmental entity in question, it is our view that the former outweighs the latter.
Cheney v. Dade County, 353 So.2d 623 (Fla. 3d DCA 1977) and Commercial Carrier Corp. v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977) do not compel a contrary result. In those cases, this court held that a county owes no special duty to a person using its streets to properly maintain its traffic control signals, i.e. traffic lights and stop signs. Those cases were not concerned with the duty of a county, as herein involved, to properly maintain its streets and to warn persons using same as to known dangerous conditions. Accordingly, these decisions do not control the instant case. Although a strong argument can be *522 made for treating the two duties the same for tort liability purposes,[1] we nonetheless decline to so extend the Cheney and Commercial Carrier cases.
The order dismissing the plaintiff's complaint with prejudice as to the defendant Dade County is reversed and the cause remanded for further proceedings.
CHARLES CARROLL (Ret.), Associate Judge (concurring specially).
I concur in the court's opinion and judgment. By reason of the statutory waiver of immunity of counties, the failure of a county to maintain its streets in reasonably safe condition and to give due warning of dangerous conditions therein, may subject the county to liability in tort to one who, as a proximate result thereof, suffers injury or loss. The basis and function of this duty of the county is to afford protection to the public who use the streets.
In my view it would be quixotic to regard this duty to the public as one that is owed by the county to all members of the public except those who may be injured by a breach of the duty.
NOTES
[1] The writer of this opinion adheres to this view and would recede from Cheney and Commercial Carrier. Cheney v. Dade County, 353 So.2d 623 (Fla. 3d DCA 1977) (Hubbart, J. dissenting). That view, however, has not prevailed although Cheney is presently on certiorari review before the Florida Supreme Court upon this court's certificate of great public interest.