PER CURIAM.
In this action by plaintiffs for damages for wrongful death and for personal injuries, alleged to have been proximately caused by defendants Dade County and the State Department of Transportation, by alleged negligence of said defendants in design, construction and maintenance of a highway and its adjacent area, the trial court entered judgment on the pleadings in favor of said defendants, and the plaintiffs appealed.
Motions of the defendants to dismiss the complaint were denied.[1] The answer filed by the defendant Dade County admitted that the accident happened, and “that it has *97 insurance coverage for same provided by-the Continental Casualty Company”, and averred that negligence of the driver (the plaintiff Syble Bennett Pedrosa), “was a legal cause in whole or in part for the accident” and that the persons involved were engaged in a joint venture thereby imputing the driver’s negligence to the others. By its answer the defendant Department of Transportation admitted its general duty to the public to inspect the highway system at reasonable intervals for foreseeable dangers, and for the proper design of roadways in its jurisdiction, and to safeguard the same from reasonably foreseeable dangers, but denied that it owed such duties to the plaintiffs; and averred that negligence of the plaintiff driver was the sole, proximate cause of the accident; and claimed immunity as follows: “Defendant asserts this Complaint is barred by the doctrine of sovereign immunity, notwithstanding the limited waiver of sovereign immunity enacted by the Legislature in Section 768.28, Florida Statutes.”
The questions presented and argued on this appeal were, as stated in appellants’ brief, whether the action against said defendants was precluded by sovereign immunity, and, as stated in the briefs of said defendants-appellees, whether in order to seek recovery the plaintiffs must show said defendants breached a special duty owed to them different from that owed to the public in general and whether said defendants were protected against the action by sovereign immunity.
On consideration of the record, briefs and argument, we hold the appeal has merit, and reverse the judgment on the authority of Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla.3d DCA 1979), recently decided by this court (No. 78-174, opinion filed January 23, 1979).
Judgment reversed, and cause remanded for further proceedings.

. The order denying the defendants’ motions to dismiss included the following:
“Ordered and Adjudged that the motions to dismiss filed by the defendants, Continental Casualty Company and Metropolitan Dade County are denied. Metropolitan Dade County as a subdivision of the State of Florida is subject to the provisions of Section 768.28 F.S. See Schmauss v. Snoll, 245 So.2d 112 (DCA 3rd 1971). The complaint alleges negligent design, construction and maintenance of a highway by the county. This is sufficient to state a cause of action, when plead with other standard negligence allegations.
“The motion to dismiss of the State of Florida, Department of Transportation on the ground of lack of subject matter jurisdiction and failure to state a cause of action is denied for the reasons set forth above. Any reliance upon the holding in Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967) is misplaced in this case since Modlin involved only municipal liability.”