Mr. Charles F. Williamson Administrator, Santa Rosa Hospital
QUESTION:
Is the Santa Rosa Hospital a subdivision of the state for purpose of s. 768.28, F.S. (1980 Supp.), the waiver of sovereign immunity statute?
SUMMARY:
The Santa Rosa Hospital, located at Milton, Florida, is an agency of Santa Rosa County and therefore the county is liable for torts committed by hospital officers and employees acting within the scope of their employment or function to the extent specified in s. 768.28, F.S., subject to the monetary limitations set forth in subsection (5) of s. 768.28, F.S. (1980 Supp.), as amended by ch. 81-317, Laws of Florida.
The Santa Rosa Hospital is operated and administered pursuant to the authority contained in ch. 63-1879, Laws of Florida, as amended by ch. 65-2221, Laws of Florida. Additionally, the Santa Rosa Hospital located at Milton is placed in the Santa Rosa County Hospital System as provided by ch. 61-2796, Laws of Florida. While ch. 61-2796, Laws of Florida, was repealed by ch. 63-1879, Laws of Florida, to the extent of any inconsistent between the two acts, the language contained in ch. 61-2796 not inconsistent with the later act can provide additional evidence of the legislative intent concerning the status of the Santa Rosa Hospital as a governmental entity.
Chapter 61-2796, Laws of Florida, is an act relating to Santa Rosa County and creates a county hospital system for that county into which all existing hospitals owned by Santa Rosa County are placed. This county hospital system is composed of all countyowned hospital facilities and the lands on which they are located which includes the Santa Rosa Hospital at Milton. See s. 2, ch. 61-2796. Section 4 of that act created `a board of trustees for the county hospital system consisting of five (5) members, which board shall be a county agency for the administration and management of the county hospital system.' (Emphasis supplied.) Section 3 authorizes the board of trustees for purposes of administering the county hospital program `to create two (2) geographical districts from the entire area of the county in each of which shall be located a county hospital facility . . . .'
The primary purpose of ch. 63-1879, Laws of Florida, was to separate the operation and administration of the Santa Rosa Hospital, located at Milton, from the Jay Hospital, located at Jay. See s. 1, ch. 63-1879. Section 2 provides that `[a]ny race track funds, or other funds which go for the operation of Santa Rosa and Jay hospitals shall be divided 60 percent for the Santa Rosa Hospital and 40 percent for Jay hospital.' Thus, county funds are used for the operation of the Santa Rosa Hospital. Section 9 provides that the `public county hospital established under this act shall be for the benefit of the inhabitants of Santa Rosa County . . . .' This section further requires that `[t]he board of county commissioners shall pay hospital expenses of indigents billed to it by the respective boards of trustees, and shall budget for the payment of such expenditures as projected for each ensuing year.' The board of trustees of the hospital is required to make an annual report of the hospital's receipts and disbursements and to `from time to time submit to the board of county commissioners recommendations for such improvements or repairs of the hospital buildings as the boards of trustees may deem necessary.' Section 10, ch. 63-1879, Laws of Florida. Finally, as provided by s. 11, ch. 63-1879, `[i]n the event that it should become necessary to acquire any land for hospital purposes under the authority of this act by condemnation, the proceedings therefor shall be instituted by the board of county commissioners and prosecuted in the manner provided by general law.'
It is clear from the totality of all consistent provisions of these statutes that the Santa Rosa Hospital is a county facility operated by its board of trustees on behalf of the county and is an agency of Santa Rosa County.
Section 768.28, F.S. (1980 Supp.), in subsection (1) provides that `[i]n accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act.' This statute waives the sovereign immunity for liability for torts for the state `and for its agencies and subdivisions' to the extent specified in the statute, subject to the monetary limitations set forth in subsection (5) of s. 768.28, F.S. (1980 Supp.). These monetary limitations have recently been increased by the 1981 Legislature. See ch. 81-317, Laws of Florida. Subsection (2) of s. 768.28, in defining `state agencies or subdivisions,' provides that `[a]s used in this act, `state agencies or subdivisions' include the executive departments, the Legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.' (Emphasis supplied).
Thus, the waiver of sovereign immunity is expressly applicable to Santa Rosa County and its officers and employees. See s.768.28(9)(a), F.S. (1980 Supp.), which provides, among other things, that the exclusive remedy for injury or damages suffered as a result of any act, event or omission of an officer, employee, or agent of the state's subdivision shall be by action against the governmental entity, which in this instance is the county. It therefore is my opinion that the Santa Rosa Hospital as an agency of the county is subject to the waiver of sovereign immunity statute and the hospital's officers and employees are county officers and employees and as such the county is liable within the monetary limitations set forth in subsection (5) for personal injury proximately caused by the negligence of a county hospital officer or employee while acting within the scope of his employment or function. See, e.g., Pitts v. Metropolitan Dade County, 374 So.2d 996 (3 D.C.A. Fla., 1979), in which the court determined that Dade County may be liable for damages to an individual robbed at knife-point in the parking lot of a county hospital. Cf. AGO 073-363 which concludes, among other things, that a county hospital organized and operating under ch. 155, F.S., and its governing board of trustees are agencies or instrumentalities of the county.
Prepared by: Craig Willis, Assistant Attorney General