PER CURIAM.
The plaintiffs appeal a summary final judgment for Miami Shores Village, one of the defendants in an action brought for personal injuries to the plaintiff, Virginia Melville, who alleged she was injured when she fell while walking across a railroad crossing. The crossing was within the city limits and for the purposes of this appeal may be assumed to have been in a condition which a jury might find to be dangerous to a pedestrian.
The principle question upon this appeal is whether the responsibility for requiring the railroad company to properly maintain the crossing was in the City or the County. The appellant relies upon the provisions of Chapter 357, Fla.Stat., F.S.A., entitled “Railroad Crossings,” to support its position.
The street on which the crossing was located had been designated by action of the Board of County Commissioners as an arterial highway. By resolution the County had assumed the duty for the supervision of the physical condition of the street on either side of the crossing. We think that under these conditions the summary final judgment must be affirmed upon the basis of the reasoning in Leialoha v. City of Jacksonville, Fla.1953, 64 So.2d 924.
Appellant has raised a second point addressed to the assessment of costs. We find no abuse of discretion and affirm under authority of the rule stated in Emigh v. Tinter, Fla.App.1959, 108 So.2d 913.
Affirmed.