SWANN, Judge.
This is an appeal, by the plaintiff, from a summary final judgment for the City of Coral Gables, the defendant below.
The plaintiff sued the City of Coral Gables for negligently allowing a hole to develop and remain in a street within the municipal limits, resulting in personal injuries to the plaintiff when he fell into the hole.
The answer of the City set forth that the plaintiff was guilty of contributory negligence and that the responsibility for the maintenance of the street (Maynada) was that of Metropolitan Dade County, and therefore the City was not liable.
In support of a motion for summary judgment, the City offered Resolution No. 2822 by the Board of County Commissioners of Dade County, Florida, dated April 20, 1948, which recited, in part, as follows:
* * * * * *
“WHEREAS the City Commission of the City of Coral Gables at the request of many of the residents in that munci-pality has requested that Dade County take over and maintain Ponce de Leon Boulevard (Maynada Street) between U. S. Highway No. 1 and Sunset Drive, and
“WHEREAS many residents both in Coral Gables and to the south and west of Coral Gables have requested that said road be taken over and maintained by Dade County as a through traffic road, and
“WHEREAS said road serves many residents both inside and outside of the municipality of Coral Gables.
“NOW THEREFORE BE IT RESOLVED by the Board of County Commissioners of Dade County, Florida:
“THAT effective at once Dade County take over and maintain Ponce de Leon Boulevard (Maynada Street) between U. S. Highway No. 1 and Sunset Drive.”
******
It was in these designated limits where the plaintiff was injured.
*455 The deposition of John McCue, Highway-Engineer of the Public Works Department of Dade County, indicates that Dade County had been solely responsible for the maintenance of the street since April 20, 1948. It also showed that the street was “originally rebuilt by the County in 1948 from Sunset to Hardy Drive” ; that “in 1950 the County Commission budgeted the necessary funds to construct the Maynada Street bridge”, and the street “was completely asphalted by the County in 1956”. The fact that the County, in 1948, through its resolution, assumed the sole responsibility of the street in question, was supported by an affidavit of Eugene N. Bechamps, Acting Highway Engineer of the Public Works Department.
The plaintiff contends that May-nada Street is not a “municipal connecting link”, as set forth in Section 336.01, Florida Statutes, F.S.A., designating what roads shall be considered a part of the county road system, and Section 334.03(10), Florida Statutes, F.S.A., which defines a “municipal connecting link”. He also argues that pursuant to Section 336.01 not only must a city street be a “municipal connecting link” before it can become a county road, but there must be joint action on behalf of both the city and the county and that there was no valid action on behalf of the City of Coral Gables to relieve it from its non-delegable duties to repair the street as contemplated by the legislature.
There was no evidence that the County did not have the authority in 1948 to take over the maintenance and repair of this street by resolution. Inasmuch as the statutes which the plaintiff cites were passed by the legislature in 1955, the requirement of joint action of the County and City would not be necessary, as it is clear that a statute may not be given retrospective effect unless the intent that it operate retrospectively is clearly expressed. State on Relation of Riverside Bank v. Green, Fla. 1958, 101 So.2d 805; City of Miami v. Board of Public Instruction, Fla.1954, 72 So.2d 901; In re Seven Barrels of Wine, 1920, 79 Fla. 1, 83 So. 627. There was no such intent shown in the statutes cited.
It would appear that where the county has by resolution assumed responsibility for the maintenance of a street within the municipal limits of a city, and has in fact maintained that street, and when the city has been relieved of its duty of maintenance by such a resolution, the sole responsibility for the proper maintenance of the street was that of the county and not of the city. See Melville v. Miami Shores, Fla.App.1963, 155 So.2d 739.
In any event, any defects surrounding Dade County’s taking over and maintaining the street, were cured by the adoption of the Home Rule Charter of Metropolitan Dade County, pursuant to Article VIII, Section 11, of the Constitution of the State of Florida, F.S.A., on May 21, 1957, providing :
“Sec. 1.01. Powers.
“(A) The Board of County Commissioners shall be the legislative and the governing body of the county and shall have the power to carry on a central metropolitan government. This power shall include but shall not be restricted to the power to:
“(1) Provide and regulate arterial, toll, and other roads, bridges, tunnels, and related facilities; * * * (Emphasis supplied.)
“Sec. 9.06. Transition.
“In order that there may be no interruption of the business of the county, all persons holding office at the time this Charter takes effect shall continue in the performance of their functions * * *. All ordinances and resolutions of the county in force when this Charter becomes effective, and all lawful rights, claims, actions, orders, obligations, proceedings, and contracts shall continue until modified, amended, repealed, or superseded in accordance with this Charter.” (Emphasis supplied.)
*456 The Home Rule Charter passed in 1957 continued in force the 1948 Resolution of Dade County taking over the responsibility for the maintenance of Maynada Street, so that there could be no question that at the time of the accident, March 14, 1963, Dade County was solely responsible for the maintenance of this street, and no action would lie against the City of Coral Gables.
The summary final judgment is therefore affirmed.