PER CURIAM.
The appellants, who were plaintiffs in the trial court, appeal from an order dismissing their complaint against Dade County. The dismissal was with prejudice upon appellants’ refusal to file an amended complaint. The question presented to the trial court was whether the complaint stated sufficient facts to require an answer. It is apparent from the allegations of the complaint that Dade County, a political subdivision of the State of Florida, enjoys governmental immunity [1] from suit. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916). There are exceptions to this rule but appellants do not bring themselves within any of the recognized exceptions. Cf., e. g., State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941).
In addition the activity complained of, the alleged failure to promptly remove trash piled adjacent to the street, is a governmental activity. Cf. Waite v. Dade County, Fla.1954, 74 So.2d 681, 683.
Affirmed.

. This action was commenced March 8, 1967, and therefore was not affected by statutes enacted by the Legislature of the State of Florida at its 1969 Session. See § 768.15, Fla.Stat, F.S.A., which became effective July 1, 1969.