245 So.2d 112 (1971)
Sarah Elizabeth SCHMAUSS, Appellant,
v.
Joseph SNOLL, State Farm Insurance Company, a Foreign Corporation and Metropolitan Dade County, a Political Subdivision of the State of Florida, Appellees.
No. 70-454.
District Court of Appeal of Florida, Third District.
February 9, 1971.
Rehearing Denied March 25, 1971.
*113 Ralph & Boyd, Miami, for appellant.
Talburt & Kubicki, Miami, Joseph H. Weil, No. Bay Village, Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Plaintiff-appellant Sarah Elizabeth Schmauss ("Schmauss") sued the defendant-appellees Metropolitan Dade County ("Dade"), Joseph Snoll, and Snoll's insurance company. The circuit court granted Dade's motion to dismiss and Dade's motion for summary judgment and accordingly entered a final judgment dismissing plaintiff's complaint.
Schmauss filed her complaint on August 4, 1969. It alleged, inter alia, that Dade County negligently maintained and designed an intersection's stop sign and painted stop line. It also alleged this condition confused motorists and made the intersection a "nuisance and a trap." Her injuries, according to the allegations, arose from an automobile collision with Joseph Snoll's vehicle and plaintiff's vehicle on May 11, 1969. Apparently the accident occurred in the evening after a light rain.
Plaintiff generally contends that the trial court erroneously dealt with the question of sovereign immunity.[1] She advances several points, among them, the adoption of an exception to the doctrine of sovereign immunity which would permit suit for "negligent nuisances" constituting a "nuisance and a trap" for confused motorists who were proximately injured thereby.
At the outset, we dismiss as having no merit plaintiff's bare allegation that Dade County waived its immunity from suit by securing insurance.
Appellee Snoll has requested this court to judicially abolish the doctrine of sovereign immunity, or, in the alternative, certify such question to the Supreme Court of the state. Both of these requests are denied.
Appellant contends that sovereign immunity is only an affirmative defense which was not raised in conformity with Rule 1.140, Florida Rules of Civil Procedure, 30 F.S.A. A state's immunity from suit relates to subject matter jurisdiction, and is not an affirmative defense. Kirk v. Kennedy, Fla.App. 1970, 231 So.2d 246, 248. Lack of jurisdiction over the subject matter may be raised at any time; furthermore, lack of jurisdiction is properly raised by motion to dismiss. Rule 1.140(b), Florida Rules of Civil Procedure, 30 F.S.A. In fact in suing a county a plaintiff must allege in his complaint the specific methods by which the county waives its sovereign immunity, and the waiver must be clear and unequivocal. Arnold v. Shumpert, Fla. 1968, 217 So.2d 116, 120.
We deem it advisable to indicate the status of the constitutional maverick, Metropolitan Dade County, for purposes of determining the scope of the governmental immunity from tort liability upon a theory of respondeat superior for negligence of public servants. Metropolitan Dade County is a "* * * political subdivision * * *" of the State of Florida. Article VIII, § 1, Fla. Const., 26A F.S.A.; cf. Article VIII, § 1, Fla. Const. 1885, 25 F.S.A. It may exercise certain municipal powers *114 in addition to county powers, under Article VIII, § 6(f), Fla. Const., 26A F.S.A. The Supreme Court of Florida has said:
"The metropolitan government of Dade County has some of the characteristics of both the traditional municipal and county governments, but it cannot be said to be either of the traditional forms. It is rather a new form of government in our state found only in Dade County. Any effort to describe it or liken it to either municipal or usual county government is likely to be inaccurate, erroneous and lead to confusion as it has here."
County of Dade v. Saffan, Fla. 1965, 173 So.2d 138. See State ex rel. Dade County v. Dickinson, Fla. 1969, 230 So.2d 130, 131, 136-137, and 138.
Metropolitan Dade County as a "political subdivision" of the state partakes of the immunity of the State from tort suits; e.g., Brandeis v. Dade County, Fla.App., 1969, 226 So.2d 873.
Moreover, in companion cases the Second District Court of Appeal has denied recovery as against a municipality for negligent design and maintenance of stop signs by an application of the doctrine immunizing governmental units from tort liability for actions of their public officers and employees:
"We conclude, therefore, that in the light of Modlin [Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70], a municipality is liable in tort, under the doctrine of respondeat superior, when its agent or employee commits a tort in the performance, or by the nonperformance, of an executive (or administrative) duty within the scope of a governmental function, only when such tort is committed against one with whom the agent or employee is in privity, or with whom he is dealing or is otherwise in contact in a direct transaction or confrontation. * * *" (Italics deleted)
City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450, 454, and Mathews v. City of Tampa, Fla.App. 1969, 227 So.2d 211. Cf. Shealor v. Rand, Fla.App. 1969, 221 So.2d 765. Compare the language used in Modlin, supra, 201 So.2d at p. 76:
"It is evident that * * * the respondent city's inspector would not have been personally liable to Mrs. Modlin for damages resulting from the negligent performance of his duties. At the time he allegedly negligently performed the inspection, he owed no duty to Mrs. Modlin in any way different from that owed to any other member of the public. Therefore, the city is not liable under the rule of respondeat superior."
See generally: Steinhardt v. Town of North Bay Village, Fla.App. 1961, 132 So.2d 764, cert. discharged, Fla. 1962, 141 So.2d 737; Arnold v. Shumpert, Fla. 1968, 217 So.2d 116.
Next, plaintiff-Schmauss urges that this court carve out an exception to the doctrine of sovereign immunity which would permit suit for "negligent nuisances" constituting a "nuisance and a trap" for motorists who were proximately injured thereby. This court has specifically rejected such an exception. In Brandeis v. Dade County, Fla.App. 1969, 226 So.2d 873 the amended complaint alleged that:
"* * * defendant Dade County, did maintain and had for a protracted period of time maintained, a nuisance consisting of a large pile of debris located on that grassy portion of the public way * * * the negligent maintenance of the said nuisance and negligent failure to remove same, did concur in causing the death of the decedent. * * *"
This court affirmed the dismissal of the above-quoted complaint, on sovereign immunity grounds.
Similarly, in Kaulakis v. Boyd, Fla. 1962, 138 So.2d 505, the complaint alleged, inter alia, that Metropolitan Dade County failed to patch a pothole in Old Cutler Road; the complaint described such condition in *115 terms which might be summarized as a "trap." The Florida Supreme Court in that case applied the doctrine of sovereign immunity in the suit against Metropolitan Dade County, and in affirming the order entered on the motion to dismiss, barred recovery by the plaintiff.
Based upon the foregoing reasons and authorities, we hold that the trial court was correct in entering the final judgment appealed. It is therefore affirmed.
Affirmed.
NOTES
[1] § 768.15, Fla. Stat., F.S.A., dealing with waiver of immunity for torts of public officers and employees, does not apply to acts or omissions before July 1, 1969. This statute was repealed by Ch. 69-357, Laws of Florida, 1969.