PEARSON, Judge.
On June 20,1975, suit was filed by appellant Vladimir Rajchl as the personal representative of the estate of Pilar Rajchl, alleging that the negligent failure of the City of Miami and/or Metropolitan Dade County to correct a defective twisted stop sign caused the death of the decedent. A subsequent Motion for Summary Judgment by Metropolitan Dade County was granted and was not appealed. A Motion to Dismiss by the City of Miami was granted, the appellant being given leave to amend. In his amended complaint, the appellant alleged that the City of Miami “ . . . did own, control and maintain the streets and the intersection of NW 12th Avenue and NW 75th Street, Dade County, Florida.” Appellant further alleged that the City of *631 Miami had actual knowledge of a twisted stop sign at the intersection of N.W. 12th Avenue and 75th Street which, due to the twisted condition, gave the motorists southbound on N.W. 12th Avenue the right of way, when the contrary was the case. It is argued that the City of Miami owed a duty to the deceased to warn “ . . .of the known trap and hazardous road condition . ” The City of Miami is alleged to have breached a duty to the deceased by one or more of the following negligent acts or omissions: (a) creating a dangerous and defective condition by failing to provide a City of Miami police officer or other personnel to protect against dangerous occurrences; (b) failing to request Metropolitan Dade County to repair the stop sign; (c) failing to provide any warning to the deceased or to any member of the general public of the danger of the intersection in question until such time as the stop sign was repaired.
The City, in response to this amended complaint, moved for its dismissal and for a summary judgment. After a hearing on the matter, the trial judge entered an order denying the City’s motion for summary judgment but dismissing the amended complaint with prejudice. This appeal followed.
There is in the record an affidavit in support of the City’s motion for summary judgment, which is a certificate of the Clerk of the Board of County Commissioners for Metropolitan Dade County. The certificate is of a portion of the Dade County Code which shows that the operation of the traffic control system in Dade County has been preempted by Metropolitan Dade County. See Schonfield v. City of Coral Gables, 174 So.2d 453 (Fla. 3d DCA 1965); and Melville v. Miami Shores, 155 So.2d 739 (Fla. 3d DCA 1963). We excluded from our consideration this argument of the City’s lack of responsibility because the trial judge expressly denied the City’s motion for summary judgment and granted the City’s motion to dismiss the complaint. The order dismissing the complaint must be tested upon the well pleaded allegations of the complaint. See Hammonds v. Buckeye Cellulose Corporation, 285 So.2d 7 (Fla.1973).
The appellant urges that the charges leveled here against the City do not merely relate simply to acts of misfeasance or non-feasance by an employee acting in a governmental capacity. The brunt of the appellant’s argument is that the City is charged with a total, overall failure to exercise properly a proprietary function, i. e., the operation of a traffic control system, and with the failure to act affirmatively to correct an extremely dangerous situation when it and its agents had full knowledge of all the facts.
Appellant acknowledges the existence of the “no liability in stop sign knocked down” cases. See Commercial Carrier Corporation v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977), and cases cited therein. However, appellant contends that these cases are inapposite here or, in the alternative, that the rule of law for which they stand is grossly unfair and inequitable and should be changed. It is urged that this is especially true in the light of recent legislative developments in the area of governmental immunity.
It should be noted that the automobile accident, out of which plaintiff’s claim against the City arose, occurred prior to the effective date of Section 768.28, Florida Statutes (1975), which waives immunity of the State in certain tort actions.
The law of Florida is clear and concise that the failure to maintain a stop sign or traffic device is not actionable against a municipality unless the plaintiff can show privity with a municipal employee or a direct transaction or confrontation with the municipal employee. See City of Tampa v. Davis, 226 So.2d 450, 454 (Fla. 2d DCA 1969); Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971); and Nobles v. City of Jacksonville, 316 So.2d 565, 566 (Fla. 1st DCA 1975). Cf. Modlin v. City of Miami Beach, 201 So.2d 70 (Fla.1967); and Cheney v. Dade County, 353 So.2d 623 (Fla. 3d DCA 1977); opinion filed this same date.
We, therefore, respectfully decline to depart from what we believe to be the gov *632 erning precedent of the decided cases in Florida and affirm the judgment of the trial court.
Affirmed.