ADKINS, J.,
concurs with an opinion.
1. Rule 9.030 is amended as follows: Rule 9.030. Jurisdiction of Courts

*1116 (b) Jurisdiction of District Courts of Appeal.

(4) Discretionary Jurisdiction.[10], [11] The district courts of appeal may review a final judgment of a county court that certifies a question, if the question:
(A) has statewide application; and
(B) is of great public importance or will affect the uniform administration of justice.

2. Rule 9.110 is amended as follows: Rule 9.110. Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases

(k) Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within thirty days of rendition.
1984 Committee Note: Subsection (k) was added to remedy a pitfall in the application of case law under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of Mendez.
3. Rule 9.130 is amended as follows: Rule 9.130. Proceedings to Review Non-Final Orders
(a) Applicability.
(l) This- rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts. Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by Rule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by Rule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those which:
(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters; or
(iv) the issue of liability in favor of a party seeking affirmative relief*;_or
(v) whether a party is entitled to arbitration.

4.Rule 9.140 is amended as follows: Rule 9.140. Appeal Proceedings in Criminal Cases
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) A final judgment adjudicating guilt;
(B) An order granting probation, whether or not guilt has been adjudicated;
(C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) An illegal sentence; and
(E) A sentence when required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particu- *1117 lady1 particularity the point of law being reserved.
(2) Commencement. The defendant shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Copies shall be served on the State Attorney and Attorney General.
(3) Withdrawal of defense counsel after judgment and sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of his duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal upon good cause shown upon written motion, until after
(A) the following have been filed:
lr (i) Notice of appeal;
⅛ (ii) Statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
⅝ (iii) Directions to the clerk, if necessary; and
4- (iv) Designation of that portion of the reporter’s transcript necessary to support the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds.
Or:
(B) The time has expired for the filing of notice of appeal, and no such notice has been filed.
(4) Procedure in capital appeals.
(A) When the notice of appeal is filed in the Supreme Court, the Chief Justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the Supreme Court.
(B) After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the State 45 days from the date the defendant’s brief is served, and the defendant 30 days from the date the State’s brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Rule 3.850, Florida Rules of Criminal Procedure, and on resentenc-ing matters, the schedules set forth in subsection (5) of this rule will control.
(C) If any brief is delinquent, an order to show cause may issue pursuant to Rule 3.840, Florida Rules of Criminal Procedure, and sanctions may be imposed.
(D) Oral argument will be scheduled after the filing of the defendant’s reply brief.
(1) Briefs. (5) Procedure in all other cases. Defendant’s initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rule 9.210.

5. Rule 9.160 is adopted as follows: Rule 9.160. Discretionary Proceedings to Review Decisions of County Courts
(a) Commencement. The jurisdiction of the district courts of appeal described in Rule 9.030(b)(4) shall be invoked by filing two copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the county court within 30 days of rendition of the order to be reviewed.
(b) Notice. The notice shall be substantially in the form prescribed by Rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the court.
(c) Accepting or Postponing Decision on Jurisdiction; Record. If the district court of appeal accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the county court. Within 60 days thereafter or such other time set by the court, the clerk shall transmit the record.
*1118 (d) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on .jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs shall be served as prescribed by Rule 9.210,
6. Rule 9.165 is adopted as follows: Rule 9.165. County Court Certification of Questions to the District Courts of Appeal
(a) Applicability. This rule applies to those proceedings in county courts which certify questions to the district courts of appeal pursuant to Rules 9.030(b)(4) and 9.160. The decision to certify a question is within the sole discretion of the county court.
(b) Certification. County courts may certify questions to the district courts of appeal in a final judgment if the question:
(1) has statewide application; and
(2) is of great public importance or will affect the uniform administration of justice.
(c) Requirement of a Written Opinion. To certify a question, the county court must write an opinion which must state:
(1) findings of fact and conclusions of law; and
(2) the question to be certified.
7. Rule 9.210 is amended as follows: Rule 9.210. Briefs

(b) Contents of Initial Brief. The initial brief shall contain in the following order:

(4) A summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged. It should seldom exceed two and never five pages.
(4) (5) Argument with regard to each issue.
(5) (6) A conclusion, of not more than one page, setting forth the precise relief sought.

(g) Notice of Supplemental Authority. Notices of supplemental authority, without argument, may be filed with the court before a decision has been rendered to call attention to decisions, rules, or statutes which have been discovered after the last brief served in the cause. Copies of the supplemental authorities shall be attached to the notice.

1984 Committee Note: Subsection (b)(4) is new; subsection (b)(5) has been renumbered from former (b)(4); subsection (b)(6) has been renumbered from former (b)(5). Subsection (g) has been amended.
The summary of argument required by (b)(4) is designed to assist the court in studying briefs and preparing for argument; the rule is similar to rules of the various United States Courts of Appeals.
8.Rule 9.310 is amended as follows: Rule 9.310. Stay Pending Review

(b) Exceptions.
(1) Money Judgments. When the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the principal amount ordered to be paid, plus 15% thereof, — If the liability of a party is less than the entire-amount ordered — to—be paid, the-bond-required for that party shall be- equal to the amount of such liability, plus 15%, of the judgment plus twice the statutory rate of interest on .judgments on the total amount upon which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond in-the amount of-the-eommon liability, plus 15% satisfying the above criteria.
(2) Public Bodies; Public Officers. The timely filing of a notice shall auto *1119 matically operate as a stay pending review, except in criminal cases, when the State, any public officer in an official capacity, board, commission, or other public body seeks review; provided that ©s an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions1 or vacate the stay.

1984 Committee Note: Because of recent increases in the statutory rate of interest on judgments, subsection (b)(1) was amended to provide that two years’ interest on the judgment, rather than 15 percent of the judgment, be posted in addition to the principal amount of the judgment. In addition, the subsection was amended to cure a deficiency in the prior rule revealed by Proprietors Insurance Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980). As under the former rule, if a party has an obligation to pay interest only upon the judgment, the bond required for that party shall be equal to the principal amount of the judgment plus two years’ interest upon it. In some cases, however, an insurer may be liable under its policy to pay interest on the entire amount of the judgment against its insured, notwithstanding that the judgment against it may be limited to a lesser amount by its policy limits. See Highway Casualty Co. v. Johnston, 104 So.2d 734 (Fla.1958). In that situation, the amended rule requires the insurance company to supersede the limited judgment against it by posting a bond in the amount of the judgment plus two years’ interest on the judgment against its insured, so that the bond will more closely approximate the insurer’s actual liability to the plaintiff at the end of the duration of the stay. If such a bond is posted by an insurer, the insured may obtain a stay by posting a bond in the amount of the judgment against it in excess of that superseded by the insurer. The extent of coverage and obligation to pay interest may, in certain cases, require an evidentiary determination by the court.
9. Rule 9.320 is amended as follows: Rule 9.320. Oral Argument
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served with the earliest brief of a party by a party not later than the time the last brief of that party is due. Each side will be allowed twenty (20) minutes for oral argument except in capital cases in which each side will be allowed thirty (30) minutes. Upon its own motion or that of a party, the court may require, limit, expand or dispense with oral argument.
10. Rule 9.331 is amended as follows: Rule 9.331. Determination of Causes in a District Court of Appeal En Banc
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions. The en banc decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.
(b) Hearings En Banc. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(e) Rehearings En Banc.
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of *1120 a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the grounds that the case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one of the grounds set forth in (1) is clearly met. When filed by an attorney, the motion shall contain one or both of the following statements:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is of exceptional importance.
Or
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
/s/_
(3) Formal Order on Motion for Rehearing En Banc. An order on a motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.
11. Rule 9.340 is amended as follows:
Rule 9.340. Mandate
(a) Issuance of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing or for clarification has been filed, the time for issuance of the mandate or other process shall be extendéd until 15 days after rendition of the order denying the motion or, if granted, until 15 days after the cause has been fully determined.
(c) When a judgment of reversal is entered which requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
1984 Committee Note:' Subsection (c) was added. It is a repromulgation of former Rule 3.15(a) which was deleted in 1977 as being unnecessary. Experience proved it to be necessary.
12. Rule 9.350 is amended as follows: Rule 9.350. Dismissal of Causes
(a) Dismissal of Causes When Settled. When any cause pending in the court is settled prior to decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed prior to a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross appeal; provided that dismissal shall not be effective until 10 days after filing the notice of appeal or until 10 days after the time prescribed by Rule 9.110(b), whichever is later.

*1121 13. Rule 9.700 is amended by replacement of the prior chart with the following two charts:
Rule 9.700. Guide to Times for Acts Under Rules

*1122

1984 Committee Note: These two charts provide a visual guide to the times within which the various acts are required to be performed under these rules. They may not be relied upon or cited as a basis for relief from any mistake, however, as they are provided solely to facilitate convenient reference to the affected parties. All time computation, whether jurisdictional or otherwise, must be determined from the text of the applicable rules. The previous chart has been totally revised and replaced by the two charts which govern review by the Supreme Court and review by the district and circuit courts. The prior chart and the 1977 and 1980 committee notes have been deleted.
14. Rule 9.800 is amended as follows: Rule 9.800. Uniform Citation System
Except for citations to case reporters, all citation forms should be spelled out in full when used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used whenever the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court:
(1) 1846-1886: Livington v. L’Engle, 22 Fla. 427 (1886).
*1123 (2) 1887-1948: Hanna v. Martin, 160 Fla. 967, 37 So.2d 579 (1948). (This is the last case for parallel citation.)
(3) 1948-date: Sullivan v. State, 303 So.2d 632 (Fla.1974).
(4) For recent opinions not yet published in Southern Reporter: Jenkins v: State, 9 F.L.W. 21 (Fla. Jan. 19. 1984) or Jenkins v. State, No. 63,000 (Fla. Jan. 19, 1984).
(b) Florida District Courts of Appeal:
(1) Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971).
(2) For recent opinions not yet published in Southern Reporter: State v. Soto, 9 F.L.W. 382 (Fla. 5th DCA Feb. 9, 1984) or State v. Soto, No. 83-1543 (Fla. 5th DCA Feb. 9, 1984).
(c) Florida Circuit Courts and County Courts:
(1) Whidden v. Francis, 27 Fla.Supp. 80 (Fla. 11th Cir.Ct.1966).
(2) State v. Alvarez, 42 Fla.Supp. 83 (Fla.Dade Cty.Ct.1975).
(d) Florida Administrative Agencies:
(1) For decisions of the Public Employees Relations Commission: Indian River Educational Association v. School Board of Indian River County, 4 F.P.E.R. 114262 (1978).
(2) For decisions of the Florida Public Service Commission: In re: Application of Tampa Electric Co. for Authority to Increase Its Rates and Charges, 81 F.P.S.C. 2:120 (1981).
(3) For all other agencies: Insurance Co. v. Department of Insurance, 2 F.A. L.R. 648-A (Fla.Dept. of Insurance 1980).
(d)(e) ....
(e)ÍH ....
(í)íg> ....
(g)ih) ....
© m ••••
© (k) ....
(k)(i) ....
(¿)(m) ....
(in)(n) ....
(n) (o) ....
15. Rule 9.900 is amended as follows: Rule 9.900. Forms
(h) Civil Supersedeas Bond.
[Title of Court]
Case No._
Plaintiff,
v.
Defendant.
CIVIL SUPERSEDEAS BOND
We, - as Principal, and - as Surety, are held and firmly bound unto_in the principal sum of $-, for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.
The condition of this obligation is: The above-named Principal has entered an appeal to the [Court] to review the [judgment or order] entered in the above case on fdate] , and filed in the records of said court in Book_at page-
NOW, THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, attorney’s fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation shall be null and void; otherwise to remain in full force and effect.
Signed on [date] , at [place]
Principal
Signed on fdate] , at fplace]
Surety
[This form is intentionally not underscored.]

 9.160: Discretionary Review of County Court Decisions.

 9.165- County Court Certification of Questions to the District Courts of Appeal.

 So in original. — Rrobably should read -particularity.”